IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **DENNIS DEMETRIUS SCOTT,** | : | |
| Plaintiff, | : | |
| VS. | : | NO. 4:22-CV-00088-CDL-MSH |
| **SHERMAN THOMAS,** *et al.*, | : | |
| Defendants. | : | |

### ORDER

Presently pending before the Court are Plaintiff's Objections (ECF No. 20) to the Recommendation of the United States Magistrate Judge to dismiss certain of Plaintiff's claims without prejudice (ECF No. 11). The Court has thoroughly considered Plaintiff's Objections and performed a *de novo* review of the portions of the Recommendation to which Plaintiff objects. Having done so, and for the reasons explained below, the Court finds Plaintiff's substantive objections to the Recommendation to be without merit. Therefore, the Recommendation filed by the United States Magistrate Judge on August 15, 2022 (ECF No. 11) is hereby approved, adopted, and made the Order of the Court. Plaintiff's requests for appointed counsel are **DENIED**.

### DISCUSSION

I. **Plaintiff's Objections**

Plaintiff's claims arise from his previous detention at the Muscogee County Jail ("MCJ"), wherein he alleges various jail

officers used excessive force against him and failed to provide him with adequate medical care for the resulting injuries. Order & Recommendation 5-6, ECF No. 11. The United States Magistrate Judge ordered service on the individual officers who participated in or were present during the incident but recommended dismissal of Plaintiff's supervisory liability claims against Defendants Thomas and King, the deputy wardens of security and care and treatment at MCJ. *Id.* at 7-11.

Plaintiff objects to the recommendation to dismiss Defendants Thomas and King, contending he will be able to obtain "discovery type evidence" that will "reveal how defendants Thomas and King are liable to 8th (eighth) amendment violations." Objs. 1, ECF No. 20. This statement is at least a tacit acknowledgment that his Complaint, as pleaded, does not contain sufficient factual allegations to support his claims of supervisory liability. *See id.; see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (observing that a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support a claim). Plaintiff's current Complaint does not provide any facts to support his conclusory statement that Defendants Thomas and King knew of their subordinates' conduct and encouraged it, nor does it reveal any other basis for holding Defendants Thomas and King liable in their supervisory capacities. Plaintiff's belief that he may be able to provide supporting facts

after he engages in discovery does not mean that he is entitled to proceed on these claims at this time. Plaintiff has not explained how his claims are plausible. Plaintiff's objections are overruled.

## II.  Requests for Appointed Counsel

In his Objections, Plaintiff states that he requires the assistance of an attorney and an investigator to help him develop his supervisory claims against Defendants Thomas and King. Objs. 1, ECF No. 20. Plaintiff has also filed a separate motion for appointed counsel reiterating his concerns that he will be unable adequately represent himself in this action (ECF No. 21). Plaintiff is again advised that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986) (per curiam). Rather, appointment of counsel "is a privilege that is justified only by exceptional circumstances." *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989).

determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court finds that Plaintiff has adequately set forth the essential merits of his claims, the applicable legal doctrines are readily apparent, and Plaintiff has pleaded no additional facts suggesting he has encountered significant difficulty in communicating his position to the Court.  As such, Plaintiff's requests for appointed counsel are **DENIED.**

## CONCLUSION

For the foregoing reasons, Plaintiff's Objections to the recommendation to dismiss Plaintiff's supervisory liability claims against Defendants Thomas and King (ECF No. 20) lack merit, and the Recommendation filed by the United States Magistrate Judge on August 15, 2022 (ECF No. 11) is hereby approved, adopted, and made the Order of the Court.  Plaintiff's pending motion for appointed counsel (ECF No. 21) is **DENIED.**

**IT IS SO ORDERED**, this **14th** day of **September, 2022.**

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA